**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

EMMANUEL OSEMOTA,

      Plaintiff,

v.                          CASE NO.: 1:20-cv-00159-AW-GRJ

THE UNIVERSITY OF FLORIDA,
COLLEGE OF MEDICINE,

      Defendant.

_____/

**JOINT RULE 26(F) REPORT**

The Parties, by and through their undersigned counsel, hereby submit this

Joint Rule 26(f) Report, and state the following:

**A.**    **THE MEETING.** The following persons participated in a Rule 26(f)

conference via conference call on September 9, 2020, and then subsequently by

electronic means:

    John Vernaglia, Esq, Counsel for Plaintiff; and

    Samantha Giudici Berdecia, Esq., Counsel for Defendant.

**B.**    **DISCOVERY PLAN.** The parties propose the following pursuant to

Rule 26(f)(3):

    **1.**    **Disclosures Under 26(a)**: The parties have agreed that they will

file the initial disclosures required by Rule 26(a)(1) within **14** days of the

submission of this Report.

2.    **Discovery Subject and Timing**: Discovery will be needed on the facts that relate to Plaintiff's causes of action and claims for relief, along with Defendant's affirmative defenses. There is no need to conduct discovery in phases, or to limit discovery to particular issues.

3.    **Issues Relating to Electronic Discovery:** See Section C.6.

4.    **Issues Relating to Claims of Privilege or of Protection as Trial-Preparation:** See Section C.6.

5.    **Number of Depositions:** The number of depositions is limited to (10) per side without leave of Court, unless additional depositions are agreed upon by the parties.

6.    **Any Changes in the Limitations on Discovery:** None.

**C.    MATTERS ADDITIONAL TO THOSE SET OUT IN RULE 26(f).**

1.    **Magistrate Judge Jurisdiction:** The parties have conferred on this issue. The parties do not consent to magistrate judge jurisdiction.

2.    **Nature and Basis of Claims and Defenses:**

a.    Plaintiff contends that this is a civil rights action for damages and for declaratory and injunctive relief arising out of Defendant's arbitrary decision to dismiss Plaintiff from its medical school.  Plaintiff asserts claims against Defendant for: (a) discrimination on the basis of disability in violation of the Title II of the

2

Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. §701, *et seq.*; (b) intentional discrimination on the basis of race, color, and/or national origin in violation of 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000d, *et seq.*; (c) deprivation of Plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment; (d) breach of contract under Florida law; and (e) declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

b.    Defendant denies any wrongdoing and asserts that Plaintiff's dismissal was in compliance with law and the University's standards, policies, and procedures.   Defendant denies Plaintiff's allegations of disability discrimination; race, color, or national origin discrimination; violation of Plaintiff's right to due process or equal protection; and allegations of breach of contract.   Defendant further denies that Plaintiff is entitled to declaratory or injunctive relief. Defendant's affirmative defenses are outlined, in detail, in Defendant's Answer and Affirmative Defenses (Doc. 8).

**3.    Prompt Settlement or Resolution of the Case:** Prompt settlement or resolution cannot be evaluated at this time, but such an

evaluation will be possible after further investigation and discovery. Mediation may be helpful in settlement after discovery has taken place.

**4.      Proposed Timetables and Cutoff Dates; Whether the Scheduling Order Should Be Revised:** The parties all consent to the timetables and cutoff dates for the joinder of parties, amendments to pleadings, and filing of motions and responses as set forth in the Federal Rules of Civil Procedure. The Initial Scheduling Order, ECF No. 9, should be modified as follows:

a.      **Rule 26(a)(2) Disclosures of Expert Witnesses:** By Plaintiff no later than **February 15, 2021**, and by Defendant no later than **March 15, 2021**.

b.      **Discovery Period:** The due date of any discovery requested shall not be later than **April 15, 2021**.

c.      **Proposed Trial Date:** The Parties request a trial date in **August 2021**. It is anticipated that the trial will last five days.

d.      **Summary Judgment Motions:** Summary judgment or dispositive motions shall be filed no later than **May 6, 2021**.

**5.      The Parties' Respective Discovery Requirements:** See above.

**6.      Information from Electronic or Computer-Based Media:** The parties reserve the right to request or produce information from electronic or

4

computer-based media.

a.      The parties agree that any disclosure or production will be limited to data reasonably available in the ordinary course of business.

b.      As to the questions of the anticipated scope, cost and time required, and identity of who would bear the cost: in the event that disclosure or production is necessary of data beyond what is reasonably available to the parties in the ordinary course of business, the party requesting the production will pay the costs of production.

c.      Any electronic or computer-based data will be produced in a searchable pdf and the parties agree that either party may request production of specific documents in native format following review of the pdf. Such data may be produced electronically by CD, DVD, flash drive or upload by the producing party to a cloud drive with access provided for download by the receiving party.

d.      The Parties agree that if privileged information or documents are is inadvertently produced, such information or documents will be returned, and copies will be destroyed or treated as otherwise permitted by the Rules.

e.      The parties have issued the necessary litigation hold communications in order to preserve potentially discoverable data from

alteration or destruction in the ordinary course of business or otherwise.

       f.     The parties will address issues of confidentiality with respect to discovery if and when such issues arise. At this time, the parties are unaware of any other problems that may arise in connection with electronic or computer-based discovery.

       **7.**    **When the Case Will Be Ready for Trial:** The parties believe that the case will be ready for trial by **<u>August 2021</u>**. The Parties seek a later trial date due to a conflict with the trial date currently set forth in the Court's Initial Scheduling Order. More specifically, counsel for the Parties have trials set in other Federal court cases for each of the first seven months of 2021, making the August 2021 the first available date without a conflict for counsel for both Parties.

       **8.**    **Any Other Matters**:

       a.     The Parties do not request a conference with the Court before entry of the Scheduling Order.

       b.     The Parties request a Pretrial Conference as ordered by the Court.

       c.     The Parties agree to service of discovery requests and responses by electronic means to the same addresses as noticed by the Court filing system.

      d.     Disclosures under Rule 26(a)(3) as ordered by the Court.

      e.     The Parties should have one week after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3).

**9.**    **Whether the Case Should be Subject to the Manual for Complex Litigation:** This case should not be subject to the Manual for Complex Litigation.

DATED: September 14, 2020.

[*Signatures of following page*]

7

Respectfully submitted,

**ANDREWS LAW FIRM**
822 North Monroe Street
Tallahassee, Florida 32303
T: (850) 681-6416 / F: 681-6984

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA (FBN 1010637)
RYAN J. ANDREWS (FBN 0104703)
DAVID A. WEISZ (FBN 1023229)
john@andrewslaw.com
ryan@andrewslaw.com
david@andrewslaw.com
service@andrewslaw.com
*Counsel for Plaintiff*


ALEXANDER DEGANCE BARNETT, P.A.

By: */s/ Samantha Giudici Berdecia*
    Mark G. Alexander
    Florida Bar No. 434078
    E-mail: mark.alexander@adblegal.com
    Samantha Giudici Berdecia
    Florida Bar No. 0058667
    E-mail: samantha.giudici@adblegal.com
    Email: mailbox@adblegal.com
    1500 Riverside Avenue
    Jacksonville, Florida 32204
    (904) 345-3277 Telephone
    (904) 345-3294 Facsimile

    *Attorneys for Defendant*